[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellant Thomas D. Thomas is a captain in the Cincinnati Fire Department. Thomas was assigned to be supervisor of "Apparatus and Hydrants" ("AH"). A transfer list, issued July 18, 2002, and effective July 21, 2002, provided for Thomas's transfer from his position as captain of AH to captain of Engine Company 46. Thomas's transfer was the direct result of the contested transfers of two other fire captains. Captain Kevin McWilliams and Captain Joseph Wolf both sought a transfer to Engine Company 50. Wolf, who had preceded Thomas as captain of AH, was transferred to Engine Company 50. McWilliams filed a grievance, which was upheld, resulting in his transfer to Engine Company 50 and Wolf's transfer to Paramedic Engine Company 7. Wolf filed a grievance alleging that he was entitled to be returned to his former position as captain of AH. Wolf's grievance was upheld, resulting in his transfer to AH and in Thomas's transfer to Engine Company 46.
 {¶ 3} Thomas filed a request for a hearing before the Transfer Review Board, pursuant to Article XVIII, Section 5, of the 2001-2003 collective-bargaining agreement ("CBA") between the city of Cincinnati and the firefighters' union. Thomas then filed the within complaint on July 18, 2002, requesting a temporary restraining order, a preliminary injunction and a permanent injunction prohibiting his transfer from AH "other than according to the terms of the 2001 [CBA]."
 {¶ 4} The trial court granted Thomas's request for a temporary restraining order. Following a hearing, the trial court denied Thomas's requests for preliminary and permanent injunctions. Thomas appealed the trial court's decision on September 5, 2002. At oral argument, the parties stated that Thomas had been returned to his position as captain of AH as of February 23, 2003.
 {¶ 5} Thomas's sole assignment of error alleges that the trial court erred in denying his requests for preliminary and permanent injunctive relief. The assignment of error is overruled solely for the reason that Thomas is no longer entitled to the requested relief, because he has achieved what he had ultimately sought, that is, to retain the position of captain of AH.
 {¶ 6} We point out that Thomas was correct when he asserted that his transfer was governed by the terms of the 2001-2003 CBA. Pursuant to Article XVIII, Section 5, of the 2001-2003 CBA, "No member shall be administratively transferred for disciplinary reasons. Administrative transfers deemed necessary by the Fire Chief shall be approved in advance by the member's immediate supervisor, the member's District Chief, and the Personnel Bureau Assistant Chief. Administrative transfers may be appealed by the member to the Transfer Review Board, comprised of an appointee of the Fire Chief, an appointee of Local 48, and a mutually agreed upon third party."
 {¶ 7} Thomas's transfer was not a disciplinary transfer, and it was not a voluntary transfer. The question is whether Thomas's transfer was an administrative transfer for purposes of Section 5.
 {¶ 8} Article XVIII, Section I, of the CBA refers to two types of transfers: voluntary transfers for which firefighters have submitted written requests, and transfers of the least senior members of the department when no transfer request is on file. Article XVIII, Section 2, refers to "voluntarily transferring" or "involuntarily transferring." The two types of involuntary transfers referred to in Section 2 are transfers due to promotion and transfers "due to the needs of the department." The transfer list in evidence, which included Thomas's transfer, referred to "voluntary" and "assigned" transfers. Thomas's transfer was listed as "assigned."
 {¶ 9} Section 5 provides procedural safeguards for firefighters subject to involuntary transfers. The exhibits showed that "assigned" transfers were involuntary transfers. Involuntary "assigned" transfers, such as Thomas's, were administrative transfers.
 {¶ 10} We hold that Thomas's transfer was an administrative transfer and, therefore, that he was entitled to the procedural safeguards of Section 5. Further, he was entitled to appeal his transfer to the Transfer Review Board.
 {¶ 11} The judgment of the trial court is affirmed solely for the reason that Thomas has already obtained the relief he had sought by being returned to the position of captain of AH.
 {¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Painter, JJ.